IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- X
JEOFFREY L. BURTCH, CHAPTER 7
TRUSTEE, FACTORY 2-U STORES, INC., *et al.*,

   Plaintiff,

v.

MILBERG FACTORS, INC., CAPITAL
FACTORS, INC., THE CIT
GROUP/COMMERCIAL SERVICES, INC.,
GMAC COMMERCIAL FINANCE LLC,
HSBC BUSINESS CREDIT (USA) INC.,
ROSENTHAL AND ROSENTHAL, INC.,
STERLING FACTORS CORPORATION,
WELL FARGO CENTURY INC.,

   Defendants.

------------------------------------- X

Civil action No. 1:07-cv-00556-***-LPS

## MOTION TO DISMISS AND JOINDER OF DEFENDANT HSBC BUSINESS CREDIT (USA) INC. IN MOTIONS TO DISMISS FILED BY (I) CIT GROUP/COMMERCIAL SERVICES, INC. AND (II) GMAC COMMERCIAL FINANCE LLC, STERLING FACTORS CORPORATION, AND WELLS FARGO CENTURY, INC.

Defendant HSBC Business Credit (USA) Inc. ("HSBC") hereby files this motion to dismiss and joins in the motions to dismiss submitted by (i) The CIT Group/Commercial Services, Inc. and (ii) GMAC Commercial Finance LLC, Sterling Factors Corporation, and Wells Fargo Century, Inc. As set forth in greater detail in the briefs filed in support thereof, which are incorporated herein by reference, plaintiff Jeffrey L. Burtch, the Chapter 7 Bankruptcy Trustee (the "Trustee") of Factory 2-U Stores, Inc. ("Factory 2-U") has failed to state a claim against any of the defendants under the federal or New York State antitrust laws.

The Trustee's conclusory allegations are particularly deficient against HSBC because they are contradicted by the Complaint's specific factual averments. While the Court must take

the plaintiff's well pleaded factual allegations as true, *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___,127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007), "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Moreover, "conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *see also* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1363, at 120-22 (3d ed. 2004).

The Trustee alleges in conclusory fashion that the defendants acted in parallel with respect to Factory 2-U. (Compl. ¶ 37 ("[T]he Defendants declined and limited credit to Factory 2-U at approximately the same time.").) However, the Complaint is devoid of specific allegations concerning the defendants' concerted actions other than alleged conversations between representatives of the various factors described in paragraph 35 of the Complaint. Those allegations demonstrate that HSBC did *not* act in parallel with other defendants.

None of the conversations alleged in paragraph 35 – the critical paragraph of the Complaint – describe any effort by HSBC to seek information about Factory 2-U from the other defendants, much less any agreement by HSBC to engage in any particular course of conduct. Moreover, paragraph 35 asserts that HSBC *stopped* approving Factory 2-U orders sometime prior to March 13, 2003. (Compl. ¶ 35(l), (r).) Meanwhile, other defendant factors allegedly continued to approve credit to Factory 2-U, albeit on widely varied terms, over the next six months. (Compl. ¶35(l), *et seq.*) The Trustee's own averments therefore belie the notion that HSBC "declined and limited credit to Factory 2-U at approximately the same time" as the other defendants. Indeed, the Trustee's allegations can only support the conclusion that HSBC acted

independently. *Kasada, Inc. v. Access Capital, Inc.*, 2004 U.S. Dist. LEXIS 25257, at *18 (S.D.N.Y. Dec. 10, 2004).[1]

### Conclusion

For the foregoing reasons, as well as the reasons set forth herein and in the Motions to Dismiss of The CIT Group/Commercial Services, Inc., GMAC Commercial Finance LLC, Sterling Factors Corporation, and Wells Fargo Century, Inc., and the briefs filed in support thereof, which are incorporated herein by reference, HSBC respectfully submits that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

OF COUNSEL:

Celia Goldwag Barenholtz, Esquire
Timothy M. Kerr, Esquire
Cooley Godward Kronish LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

Attorneys for Defendant HSBC
Business Credit (USA) Inc.

Dated: December 18, 2007

THE BAYARD FIRM, P.A.

*/s/ Mary E. Augustine*

Mary E. Augustine (No. 4477)
Stephen B. Brauerman (No. 4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
maugustine@bayardfirm.com
sbrauerman@bayardfirm.com

---

[1] It is also notable that, although the Trustee purports to describe the extent to which the manufacturers it dealt with were factored by the defendants, HSBC does not appear on this list. (Compl. ¶13.)

CERTIFICATE OF SERVICE

I, Mary E. Augustine, hereby certify that on December 18, 2007, I caused a copy of the *Motion to Dismiss and Joinder of Defendant HSBC Business Credit (USA) Inc. in Motions to Dismiss Filed by (i) CIT Group/Commercial Services, Inc. and (ii) GMAC Commercial Finance LLC, Sterling Factors Corporation, and Wells Fargo Century, Inc.* to be served upon the following parties:

**VIA HAND DELIVERY**

Robert W. Pedigo, Esquire
Shelley A. Kinsella, Esquire
*Cooch and Taylor*
824 North Market Street, Suite 1000
Wilmington, DE 19801
*(Counsel to Plaintiff)*

Office of the United States Trustee
844 North King Street
Wilmington, DE 19801

Gregory A. Inskip, Esquire
David J. Baldwin, Esquire
*Potter Anderson & Corroon, LLP*
1313 North Market Street, 6th Floor
Wilmington, DE 19801
*(Counsel to Capital Factors, Inc.)*

David K. Sheppard, Esquire
*Blank Rome LLP*
1201 North Market Street, Suite 800
Wilmington, DE 19801
*(Counsel to the CIT Group/Commercial Services, Inc.)*

**VIA FIRST CLASS MAIL**

Joseph D. Mancano, Esquire
*Pietragallo Bosick & Gordon, LLP*
Four Glenhardie Corporate Center
1255 Drummers Lane, Suite 105
Wayne, PA 19087
*(Counsel to Plaintiff)*

Colin Underwood, Esquire
*Proskauer Rose LLP*
1585 Broadway
New York, NY 10036
*(Counsel for Milberg Factors, Inc.)*

Daniel Wallen, Esquire
Bernard Beitel, Esquire
Lloyd M. Green, Esqiure
*Otterbourg, Steindler Houston & Rosen, P.C.*
230 Park Avenue
New York, NY 10169
*(Counsel for GMAC Commercial Finance LLP; Wells Fargo Century, Inc.; Sterling Factors Corporation)*

{00708985;v1}

Stuart M. Brown, Esquire
Denise Seastone Kraft, Esquire
Mark D. Olivere, Esquire
*Edwards Angell Palmer & Dodge LLP*
919 North Market Street, Suite 1500
Wilmington, DE 19801
*(Counsel to GMAC Commercial Finance LLP; Wells Fargo Century, Inc.; Sterling Factors Corporation)*

Jeffrey R. Waxman, Esquire
*Cozen O'Connor*
1201 North Market Street, Suite 1400
Wilmington, DE 19801
*(Counsel to Milberg Factors, Inc.)*

C. Barr Flinn, Esquire
Elena C. Norman, Esquire
Monte T. Squire, Esquire
*Young, Conaway, Stargatt & Taylor*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
*(Counsel to Rosenthal & Rosenthal, Inc.)*

_____
Mary E. Augustine (No. 4477)

{00708985;v1}