# COOCH AND TAYLOR, P.A.
### ATTORNEYS AT LAW

DONALD C. TAYLOR
1930-2005

H. ALFRED TARRANT, JR.
ROBERT W. CROWE
BONNIE H. SHEER
W. JEFFREY WHITTLE*
JEOFFREY L. BURTCH
C. SCOTT REESE
ANDREW P. TAYLOR*
THOMAS D. SHELLENBERGER

\*    ALSO ADMITTED IN PA
\*\*   ALSO ADMITTED IN NJ
\*\*\*  ALSO ADMITTED IN CT

824 MARKET STREET
SUITE 1000
P.O. BOX 1680
WILMINGTON, DE  19899-1680

WWW.COOCHTAYLOR.COM

F 302.984.3939
T 302.984.3800

EDWARD W. COOCH, JR.
OF COUNSEL

ADAM SINGER+
SPECIAL COUNSEL

ROBERT W. PEDIGO
ROBERT W. MALLARD
GEORGE R. TSAKATARAS*
SHELLEY A. KINSELLA
ERIC M. ANDERSEN
NEIL A. DERMAN++
BASIL C. KOLLIAS**
PAULA C. WITHEROW*
NANCY N. DOUGHTEN***

+   ALSO ADMITTED IN MA AND NY
++  ADMITTED IN NJ ONLY

February 1, 2008

The Honorable Leonard P. Stark
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Lockbox 26, Room 2325
Wilmington, DE 19801

Re:   Burtch v. Milberg Factors, et al., Civil Action No. 07-556 \*\*\*
      Proposed Scheduling Order

Dear Magistrate Judge Stark:

Pursuant to your Order dated January 15, 2008, attached hereto for your review and approval is a proposed scheduling order for the Rule 16 scheduling teleconference set for February 6, 2008. All counsel have conferred and agreed with the terms set forth in the proposed order.

Thank you for your time and attention to this matter.

Sincerely,

  /s/ Shelley A. Kinsella
Shelley A. Kinsella (No. 4023)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-556 *** ) |
| MILBERG FACTORS, INC., CAPITAL FACTORS, INC. THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA) INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELL FARGO CENTURY INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**SCHEDULING ORDER**

This _____ day of _____ 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on February 6, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than fourteen (14) days after a decision by the United States District Judge denying any of Defendants' Motions to Dismiss. Furthermore,

initial disclosures shall be made even if a party chooses to appeal the United States District Judge's decision on the Motions to Dismiss.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the Complaint shall be filed on or before March 3, 2009.

3. <u>Discovery.</u>  The parties shall meet and confer within fourteen (14) days after a decision by the United States District Judge denying any of Defendants' Motions to Dismiss in order to identify a schedule for discovery and to address other discovery matters (i.e. limitation on hours for deposition discovery, location of depositions, discovery cut off, disclosure of expert testimony). The parties agree that discovery under the Local and Federal Rules of Civil Procedure shall commence immediately thereafter.  Furthermore, discovery shall commence even if a party chooses to appeal the United States District Judge's decision on the Motions to Dismiss.

4. <u>Electronic Discovery.</u>  The parties shall meet and confer within twenty-one (21) days after a decision by the United States District Judge denying any of Defendants' Motions to Dismiss in order to negotiate a protocol for proceeding with and handling electronic discovery, and the parties agree that the default Local Rule concerning electronic discovery shall not be applicable until after the parties have negotiated a protocol for proceeding with and handling electronic discovery, or otherwise by agreement of the parties.

5. <u>Application to Court to Vacate the Stay.</u>  If the United States District Judge has not made a decision on the Motions to Dismiss by October 3, 2008, then Plaintiff reserves the right to make an application to the United States District Judge to vacate the foregoing scheduling order. If the United States District Judge grants Plaintiff's application, then all of the same timelines

regarding discovery set forth above will apply from the date of the United States District Judge's grant of Plaintiff's application.

_____
United States Magistrate Judge