**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MILBERG FACTORS, INC., CAPITAL FACTORS, INC., THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA) INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELL FARGO CENTURY INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 07-556  (JJF)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF**

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF**

    Plaintiff, Jeoffrey L. Burtch, the Chapter 7 Trustee for Factory 2-U Stores, Inc., through his undersigned counsel, respectfully moves this Court for leave to file a Brief in surreply to respond to and correct several misconceptions the Defendants newly raised in their Reply Briefs.

    Plaintiff's proposed Surreply Brief is attached hereto as Exhibit A.  As reflected in the proposed Order, the Surreply Brief should not be deemed filed until the Court grants the instant motion.

Respectfully submitted,

*Divya Wallace*
OF COUNSEL

Joseph D. Mancano, Esq.
Anthony J. Basinski, Esq.
Bryan S. Neft, Esq.
J. Peter Shindel, Jr., Esq.
Divya Wallace, Esq.
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Phone: (215)-320-6200
Fax: (215)-981-0082

Robert W. Pedigo, Esq.  (ID# 4047)
Shelley A. Kinsella, Esq. (ID #4023)
COOCH & TAYLOR, P.A.
824 Market Street, 10th Floor
Wilmington, DE 19801
Phone: (302)-984-3832
Fax: (302)-652-5379

Attorneys for Plaintiff, Jeoffrey L. Burtch, Chapter
7 Trustee

Attorneys for Plaintiff, Jeoffrey L. Burtch, Chapter
7 Trustee

Dated:  April 7, 2008

# Exhibit A

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS…………………………………………………………………..i

TABLE OF AUTHORITIES………………………………………………………………ii

I.  INTRODUCTION……………………………………………………………………1

II.  THE DEFENDANT FACTORS ARE NOT IMMUNE
      FROM THE SHERMAN ACT………………………………………………………2-3

III. TWOMBLY DOES NOT BAR FACTORY 2-U'S
CLAIMS……………………………………………………………………………3-5

IV. CONCLUSION………………………………………………………………………6

V. CERTIFICATE OF SERVICE………………………………………………………7

# **TABLE OF AUTHORITIES**

*CASES*                                                                                   *PAGE*

Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007)…………………………..3

Cosmetic Gallery, Inc. v. Schoeneman Corp., 495 F.3d 46 (3d Cir. 2007)………………….3

Dresses for Less, Inc. v. CIT Group/Commercial Servs., Inc., No. 01 Civ. 2669 (WHP), 2002 U.S. Dist. LEXIS 18338 (S.D.N.Y. Sept. 30, 2002)……………………………………………………………….4-5

Goldfarb v. Va. State Bar, 421 U.S. 773 (1975)………………………………………….2, 3, 4, 5

In re Intel Corp. Microprocessor Antitrust Litig., 496 F. Supp. 2d 404 (D. Del. 2007)………..4

In re Late Fee & Over-Limit Fee Litig., 528 F. Supp. 2d 953 (N.D. Cal. 2007)………………5

Kendall v. Visa U.S.A., Inc., 2008 U.S. App. LEXIS 5032 (9th Cir. March 7, 2008)…………3

Phillips v. County of Allegheny, ___ F.3d ___, 2008 U.S. App. LEXIS 2513 (3d Cir. Feb. 5, 2008)…………………………………………………………………………………………….3, 4

Todd v. Exxon Corp., 275 F.3d 191 (2d Cir. 2001)……………………………………………3, 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al.,<br><br>Plaintiff,<br><br>v.<br><br>MILBERG FACTORS, INC., CAPITAL FACTORS, INC., THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA) INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELL FARGO CENTURY INC.,<br><br>Defendants. | Civil Action No. 07-556 (JJF)<br><br>**PLAINTIFF'S CONSOLIDATED SURREPLY BRIEF** |

### PLAINTIFF'S CONSOLIDATED BRIEF IN SURREPLY TO DEFENDANTS' REPLY BRIEFS

#### I.    Introduction

Apparently preferring Shakespeare to silent movies, the Defendants have filed a pair of reply briefs that are "full of sound and fury, signifying nothing."[1]  The arguments set forth by CIT and the GMAC Defendants appear credible only until controlling case law and Factory 2-U's Complaint are actually consulted.  At that point, however, the myriad mischaracterizations that lie at the foundation of defendants' arguments are exposed.  Contrary to Defendants' assertions, the antitrust laws do not permit competitors to discuss and exchange plans for future action and then use that information to act in concert, and Factory 2-U has more than satisfied its pleading obligations.  Accordingly, Defendants' motions to dismiss should be denied.

---

[1]      Defendant CIT Group/Commercial Services Inc. ("CIT") submitted a brief on behalf of CIT alone (Doc. No. 53, hereinafter the "CIT Reply").  Defendants GMAC Commercial Finance, LLC, Sterling Factors Corporation, and Wells Fargo Century, Inc. (the "GMAC Defendants") jointly filed a brief (Doc. No. 52, hereinafter the "GMAC Reply").

## II.    The Defendant Factors Are Not Immune from the Sherman Act

Defendants' primary argument in reply to Factory 2-U's Opposition Brief amounts to an assertion – unsupported by any case law or scholarly commentary – that competitors in the factoring industry are immune from scrutiny under Section 1 of the Sherman Act. According to the defendants, even the exchange of information regarding the precise terms on which credit will be extended to particular individuals or firms in the future should be held to be not only harmless, but in fact pro-competitive as a matter of law. See CIT Reply at 3; GMAC Reply 14-16. Indeed, CIT flatly states that there is "no law or logic" to support the proposition that information regarding future credit decisions cannot be exchanged. CIT Reply at 1; see generally id. at 2-6. The GMAC Defendants assert, without analysis, that any distinction drawn between the exchange of historical and future credit information "is [at] odds with the law." GMAC Reply at 14. The defendants are mistaken.

In Goldfarb v. Va. State Bar, 421 U.S. 773 (1975), the Court struck down a fee schedule adopted by the Virginia State Bar as an illegal conspiracy to fix prices in violation of the Sherman Act. Crucially, the Court held the fee schedule illegal because, inter alia:

> The price information disseminated did not concern **past standards**, cf. Cement Mfrs.' Protective Ass'n v. U.S., 268 U.S. 588 (1925),[2] but rather minimum fees to be charged in **future transactions**....

Goldfarb, 421 U.S. at 781 (emphasis added). Thus, notwithstanding the defendants' vigorous protestations, the Supreme Court is cognizant of the significant difference between sharing historical and future pricing (or credit) information. The logic is clear – while the exchange of past information allows for more informed individual business judgments, the discussion of future plans serves to promote agreement and collusion. For this reason, "even in the absence of direct 'smoking gun' evidence, a horizontal price-fixing agreement may be inferred on the basis of conscious parallelism, when such interdependent conduct is accompanied by circumstantial

---

[2]    Defendants, of course, rely principally on Cement Mfrs.' for a proposition it does not support – namely that all exchanges of credit information, past or future, are legal.

evidence and plus factors such as defendants' use of facilitating practices.  Information exchange is an example of a facilitating practice that can help support an inference of a price-fixing agreement." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (internal citations omitted and emphasis added).  Where the information exchanged concerns proposed future plans, common sense dictates that what is being "facilitated" is not independent judgment but collusive action.

### III.    Twombly Does Not Bar Factory 2-U's Claims

Defendants' characterization of Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007) and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) is as mistaken as their effort to immunize their collusion from antitrust scrutiny.  The GMAC Defendants boldly suggest that the pleading standard on a motion to dismiss in the Third Circuit is now coextensive with the summary judgment standard.  See GMAC Br. at 7-8.  This assertion is flatly incorrect.

As the Phillips court repeatedly made clear, "the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 233. The lead case on which the GMAC Defendants rely for their newly-minted "summary judgment" argument, Kendall v. Visa U.S.A., Inc., 2008 U.S. App. LEXIS 5032 (9th Cir. Mar. 7, 2008), reached the opposite conclusion.  While the Third Circuit held that the entirety of its Twombly analysis could be reduced to the proposition that "Rule 8(a)(2) has it right," Phillips, 515 F.3d at 234, the Ninth Circuit expressly held that Twombly *abrogated* Rule 8(a)(2)'s notice pleading standard.  See Kendall, 2008 U.S. App. LEXIS at *8-*9 n.5.  That holding does not control here, and the GMAC Defendants' suggestion that this Court ignore directly applicable Third Circuit precedent in favor of a diametrically opposed Ninth Circuit ruling is unthinkable.[3]  Pursuant to

---

[3]    The GMAC Defendants' citation to Cosmetic Gallery, Inc. v. Schoeneman Corp., 495 F.3d 46 (3d Cir. 2007), while at least from within the appropriate jurisdiction, is equally misleading.  Cosmetic Gallery

<u>Phillips</u>, the relevant standard is that set forth by Rule 8(a)(2), not Rule 56(c). <u>See also</u> <u>In re Intel Corp. Microprocessor Antitrust Litig.</u>, 496 F. Supp. 2d 404, 407 (D. Del. 2007) ("Heightened fact pleading is not required, but enough facts must be alleged to state a claim for relief that is plausible on its face.").

Both CIT and the GMAC Defendants also claim that Factory 2-U's allegations are as conclusory as those of the plaintiffs in <u>Twombly</u>. CIT, for its part, defiantly argues that the decision to engage in discussions related to the future terms and conditions of credit pricing is immune from antitrust scrutiny and therefore cannot be used to support an inference of collusive behavior on the part of the factors. <u>See</u> CIT Reply at 8-9. As previously explained, however, CIT's argument is not only illogical, but contrary to Supreme Court precedent. <u>See</u> <u>Goldfarb</u>, 421 U.S. at 781; <u>supra</u> at 2-3.

The existence of the conspiratorial agreement alleged by Factory 2-U is rendered plausible by the specific facts alleged viewed in the context of the market. <u>See</u> <u>Phillips</u>, 515 F.3d at 232 ("Context matters in notice pleading."). Simply put, Factory 2-U alleges that the factors: (1) discussed potential future courses of action with regard to Factory 2-U and then (2) agreed to collusive action based on those discussions, ultimately deciding to deny or limit credit to Factory 2-U at approximately the same time.[4] The relevant context is the straightforward economic incentive to arrive at such an agreement, specifically to: (1) stabilize prices and market share, and (2) drive firms perceived to be weak from the market to facilitate the recovery of funds already loaned. <u>See</u> Pl.'s Opp. Br. at 23-24; <u>Dresses for Less, Inc. v. CIT Group/Commercial Servs., Inc.</u>,

---

evaluated the District Court's grant of <u>summary judgment</u>, did not purport to set forth or analyze the pleading requirements at the motion to dismiss stage, and predates <u>Phillips</u>. In short, <u>Cosmetic Gallery</u> does not even arguably stand for the proposition that, in order to avoid dismissal, a complaint must set forth facts that, if true, would withstand a motion for summary judgment.

[4]       The Defendants seize upon footnote 9 in Factory 2-U's opening brief in an effort to distort Factory 2-U's allegations. <u>See</u> CIT Reply at 8 n.2; GMAC Reply at 4-5. The Complaint alleges, and Factory 2-U has always maintained, that the conspiracy among the defendants was initiated "at least as early as 2002," when they began to discuss and unlawfully agree upon future plans regarding Factory 2-U. <u>See</u> Compl. ¶ 35. Footnote 9 referred to Factory 2-U's group boycott claim and was merely intended to convey that the ultimate result of the conspiracy was the concerted decision to boycott Factory 2-U through the denial or severe limitation of its credit in early 2004.

No. 01 Civ. 2669 (WHP), 2002 U.S. Dist. LEXIS 18338 at *23-*24 (S.D.N.Y. Sept. 30, 2002). Factory 2-U has more than satisfied its pleading burden under Rule 8(a)(2) as interpreted by the Third Circuit Court of Appeals in Phillips.

The GMAC Defendants, apparently unwilling to make the brazen claim that their conduct is immune from scrutiny under the Sherman Act, suggest that, because the factors did not engage in concerted action prior to their conspiratorial agreement, Factory 2-U's allegations regarding the series of discussions that culminated in that agreement should be disregarded. See GMAC Reply at 9-11. This argument is simply bizarre. Factory 2-U never alleged that the conspiracy was hatched overnight; to the contrary, it has always contended that the conspiracy began "at least as early as 2002" and was executed over time as the defendant factors discussed future courses of action with regard to Factory 2-U. See Compl. ¶¶ 35-37. That these discussions were part of a conspiratorial agreement is bolstered by the fact that the factors declined or limited credit to Factory 2-U at essentially the same time. Id. ¶ 37. The GMAC Defendants' attempt to sever Factory 2-U's detailed allegations regarding the defendants' discussions of future plans from its allegations of concerted action defies logic and law, and must be rejected. See Goldfarb, 421 U.S. at 781 (holding that discussion of future pricing plans indicative of illegal price fixing agreement); Todd, 275 F.3d at 198 ("a horizontal price-fixing agreement may be inferred on the basis of conscious parallelism, when such interdependent conduct is accompanied by circumstantial evidence and plus factors such as defendants' use of facilitating practices.").[5]

---

[5]      For this reason, the GMAC Defendants' reliance on In re Late Fee & Over-Limit Fee Litig., 528 F. Supp. 2d 953 (N.D. Cal. 2007) is misplaced. In Late Fee, like in Twombly, the plaintiffs alleged only parallel action without providing any factual detail or context that would suggest an agreement. Id. at 962-63.

## IV.     Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motions

to Dismiss and order all Defendants to answer Plaintiff's Complaint within twenty (20) days.

OF COUNSEL
Joseph D. Mancano, Esq.
Anthony J. Basinski, Esq.
Bryan S. Neft, Esq.
J. Peter Shindel, Jr., Esq.
Divya Wallace, Esq.
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Phone: (215)-320-6200
Fax: (215)-981-0082

Attorneys for Plaintiff, Jeoffrey L. Burtch, Chapter
7 Trustee

Dated:  April 7, 2008

Respectfully submitted,

Robert W. Pedigo, Esq.  (ID# 4047)
Shelley A. Kinsella, Esq. (ID #4023)
COOCH & TAYLOR, P.A.
824 Market Street, 10th Floor
Wilmington, DE 19801
Phone: (302)-984-3832
Fax: (302)-652-5379

Attorneys for Plaintiff, Jeoffrey L. Burtch, Chapter
7 Trustee

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-556  (JJF) |
| MILBERG FACTORS, INC., CAPITAL FACTORS, INC., THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA) INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELL FARGO CENTURY INC., | ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

<u>**ORDER**</u>

AND NOW, this _____ day of _____, 2008, upon

consideration of Plaintiff's Motion for Leave to File a Surreply Brief, and any response thereto, it

is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED.

It is further ORDERED that Plaintiff's proposed Surreply Brief is deemed filed as of this

date.

_____
Joseph J. Farnan, J.

## V.  <u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of Plaintiff's Motion for Leave to File Surreply Brief

and proposed Surreply Brief has been served on all counsel of record via the Court's ECF

System.

/s/ Shelley A. Kinsella
Robert W. Pedigo, Esq.  (ID# 4047)
Shelley A. Kinsella, Esq. (ID #4023)
COOCH & TAYLOR, P.A.
824 Market Street, 10th Floor
Wilmington, DE 19801
Phone: (302)-984-3832
Fax: (302)-652-5379

Dated:  April 7, 2008