## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al.,<br><br>      Plaintiff,<br><br>      v.<br><br>MILBERG FACTORS, INC., CAPITAL FACTORS, INC., THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA) INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELL FARGO CENTURY, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:07-cv-00556-JJF-LPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWERING BRIEF OF DEFENDANTS GMAC COMMERCIAL FINANCE LLC, STERLING FACTORS CORPORATION AND WELLS FARGO CENTURY, INC. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

EDWARDS ANGELL PALMER & DODGE LLP
Wilmington, Delaware
919 N. Market Street, Suite 1500
Wilmington, DE 19801
Tel: (302) 777-7770

OTTERBOURG, STEINDLER HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100

Counsel for Defendants GMAC Commercial Finance LLC,
Sterling Factors Corporation, and Wells Fargo Century, Inc.

**Dated: April 9, 2008**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

I.   ARGUMENT ........................................................................................................ 2

     The Scheduling Stipulation and Order ............................................................ 2

     Plaintiff's Redundancy ................................................................................... 2

II.  CONCLUSION ................................................................................................... 3

## TABLE OF AUTHORITIES

Page

**Cases**

Bell Atlantic Corp. v. Twombly,
        ___ U.S. __, 127 S. Ct. 1955 (2007) ........................................................................1

**Rules**

D. Del.. LR 7.1.3(c) ...........................................................................................................2

Defendants GMAC Commercial Finance LLC ("GMAC CF"), Sterling Factors Corporation ("Sterling") and Wells Fargo Century, Inc. ("WFC") submit their opposition to the motion of Plaintiff Jeoffrey L. Burtch ("Plaintiff"), Chapter 7 Trustee of Factory 2-U Stores, Inc. for leave to file a Sur-reply Brief. Defendants The CIT Group/Commercial Services, Inc. ("CIT"), Milberg Factors, Inc., Capital Factors, Inc., HSBC Business Credit (USA) Inc., and Rosenthal and Rosenthal, Inc. join in this submission in opposition to Plaintiff's motion. Plaintiff's motion should be recognized for what it is -- a meritless attempt to modify the negotiated Scheduling Stipulation and Order, entered on the consent of all parties and signed by the Court on December 27, 2007 (D.I. 39) and to make the last written submission. The basis for Plaintiff's motion is groundless. Plaintiff's stated rationale for relief is to "respond to and correct several *misconceptions* the Defendants newly raised in their Reply Briefs." Plaintiff's motion reveals only legal disagreements and reiterations of previously made arguments.

The purported "misconceptions" are, in reality, the legal propositions that have divided the Plaintiff from the Defendants since the outset of the litigation. Plaintiff has consistently and erroneously disagreed with Defendants' position as to whether the sharing of credit information is actionable. Plaintiff has consistently and erroneously disagreed with Defendants' reading of Bell Atlantic Corp. v. Twombly, ___ U.S. __, 127 S. Ct. 1955 (2007). However, the fact that Plaintiff disagrees with Defendants is not a basis for modifying an existing Scheduling Stipulation and Order, and permitting the submission of a sur-reply. Indeed, nowhere in his motion to submit a Sur-reply Brief does Plaintiff point to any factual misstatements by Defendants in their respective replies

or to any recent authority that should be brought to the attention of the Court. Under these circumstances, Plaintiff should seek oral argument, not another round of briefing.

## I.     <u>ARGUMENT</u>

<u>The Scheduling Stipulation and Order</u>

On December 14, 2007, defendant CIT submitted its Opening Brief and motion to dismiss the Complaint in the within action. On December 17, 2007, GMAC CF, Sterling and Wells Fargo Century submitted their Opening Brief and motion to dismiss the Complaint. Thereafter, all of the parties to the action negotiated and executed the Scheduling Stipulation and Order. On December 27, 2007, the Court "so ordered" the Scheduling Stipulation and Order.

The Scheduling Stipulation and Order set definite and clear deadlines, while giving Plaintiff ample time to submit his opposition. Plaintiff was afforded more than two months, until March 3, 2008, to oppose the motion to dismiss. Significantly, the Scheduling Stipulation and Order also spelled-out the types of submissions that the parties would be permitted to submit. According to the Scheduling Stipulation and Order, Plaintiff would be permitted to "respond to Defendants' Motion to Dismiss," and Defendants would be permitted to serve a reply. No other types of responses were enumerated. Yet, in his motion to submit a sur-reply, Plaintiff makes no mention of the Scheduling Stipulation and Order and offers no reason why its limitations should be disregarded. Accordingly, Plaintiff's motion should be denied.

<u>Plaintiff's Redundancy</u>

In accordance with D. Del. LR. 7.1.3(c), the Defendants made their arguments supporting the dismissal of the Complaint based on their Opening Briefs, and used their

respective Reply Briefs to rebut the arguments advanced by the Plaintiff and amplify arguments already advanced to the Court. Defendants, however, did not raise new arguments in their Reply Briefs. Yet, despite the consistency of Defendants' arguments, Plaintiff believes that it should be granted a further opportunity to advance arguments already made by Plaintiff in his Opposing Brief. Tellingly, Plaintiff submits no new case law. Rather, Plaintiff only adds decisions from 1975 and 2001. Why Plaintiff failed to include these cases in his earlier submission is left unsaid and unexplained.

Defendant CIT (D.I. 54) and defendants GMAC CF, Sterling and WFC (D.I. 61) submitted timely requests for oral argument on their motions to dismiss. Plaintiff's arguments should be heard as part of oral argument, not in a sur-reply.

## II.    CONCLUSION

Accordingly, for the reasons stated above, defendants GMAC CF, Sterling and WFC, together with each of the remaining Defendants, respectfully request that this Court deny Plaintiff's motion to file a sur-reply.

Dated: April 9, 2008

EDWARDS ANGELL PALMER &
DODGE LLP
Wilmington, Delaware

By:   _/s/ Denise Seastone Kraft_
    Stuart M. Brown (No. 4050)
    Denise Seastone Kraft (No. 2778)
    Mark D. Olivere (No. 4291)

919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 777-7770
smbrown@eapdlaw.com

OTTERBOURG, STEINDLER
HOUSTON & ROSEN, P.C.

Daniel Wallen
Bernard Beitel
Lloyd M. Green

230 Park Avenue
New York, New York 10169
(212) 661-9100

Counsel for Defendants GMAC Commercial Finance LLC,
Sterling Factors Corporation, and Wells Fargo Century, Inc.

-3-

## <u>CERTIFICATE OF SERVICE</u>

I, Denise Seastone Kraft, hereby certify that on April 9, 2008, a copy of the **Answering Brief of Defendants GMAC Commercial Finance LLC, Sterling Factors Corporation and Wells Fargo Century, Inc.** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to counsel of record and the document is available for viewing and downloading from CM/ECF.

_/s/ Denise Seastone Kraft_
Denise Seastone Kraft (No. 2778)