IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
JEOFFREY L. BURTCH, CHAPTER 7  :
TRUSTEE, FACTORY 2-U STORES,   :
INC., et al.,                  :
                               :
          Plaintiff,           :
                               :
     v.                        :   Civil Action No. 07-556-JJF-LPS
                               :
MILBERG FACTORS, INC.,         :
CAPITAL FACTORS, INC.,         :
THE CIT GROUP/COMMERCIAL       :
SERVICES, INC., GMAC           :
COMMERCIAL FINANCE LLC,        :
HSBC BUSINESS CREDIT (USA),    :
INC., ROSENTHAL AND ROSENTHAL, :
INC., STERLING FACTORS         :
CORPORATION, WELLS FARGO       :
CENTURY INC.,                  :
                               :
          Defendants.          :
```

Joseph D. Mancano, Esquire; Anthony J. Basinski, Esquire; Bryan S. Neft, Esquire, J. Peter Shindel, Jr., Esquire and Divya Wallace, Esquire of PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP, Philadelphia, Pennsylvania.
Robert W. Pedigo, Esquire and M. Claire McCudden, Esquire of COOCH & TAYLOR, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Robert A. Atkins, Esquire and Daniel H. Levi, Esquire of PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York.
Michael DeBaecke, Esquire and Christine Azar, Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Defendant, The CIT Group/Commercial Services, Inc.

Daniel Wallen, Esquire; Bernard Beitel, Esquire and Lloyd M. Green, Esquire of OTTERBOURG, STEINDLER HOUSTON & ROSEN, P.C., New York, New York.
Stuart M. Brown, Esquire and Denise Seastone Kraft, Esquire of EDWARDS ANGELL PALMER & DODGE LLP, Wilmington, Delaware.

Attorneys for Defendants GMAC Commerical Finance LLC, Sterling Factors Corporation, and Wells Fargo Century, Inc.

Colin Underwood, Esquire of PROSKAUER ROSE LLP, New York, New York.
Jeffrey R. Waxman, Esquire of MORRIS JAMES LLP, Wilmington, Delaware.

Attorneys for Milberg Factors, Inc.

Gregory A. Inskip, Esquire and David J. Baldwin, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant Capital Factors, Inc.

Celia Goldwag Barenholtz, Esquire of COOLEY GODWARD KRONISH LLP, New York, New York.
Ashley B. Stitzer, Esquire and Stephen B. Brauerman, Esquire of BAYARD, P.A., Wilmington, Delaware.

Attorneys for Defendant HSBC Business Credit (USA) Inc.

C. Barr Flinn, Esquire; Elena C. Norman, Esquire and Monté T. Squire, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP.

Attorneys for Defendant Rosenthal & Rosenthal, Inc.

---

**MEMORANDUM OPINION**

May 31, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are Objections To Magistrate Judge's Report And Recommendation (D.I. 76) filed by Plaintiff, Jeoffrey L. Burtch, the Chapter 7 Trustee for Factory 2-U Stores, Inc., f/a/k/a General Textiles, Inc., f/a/k/a General Textiles, f/a/k/a Family Bargain Corporation, f/a/k/a Family Bargain Center (collectively "Factory 2-U"). For the reasons discussed, the Court will overrule the Objections and adopt the Report and Recommendation of the Magistrate Judge recommending the dismissal of the Complaint.

## I.  PARTIES' CONTENTIONS

By his Objections, Plaintiff contends that the Magistrate Judge erred in recommending the dismissal of his antitrust Complaint based on a misinterpretation of the Supreme Court's decisions in Bell Atl. Co. v. Twombly, 550 U.S. 544 (2007) and Goldfarb v. Va. State Bar, 421 U.S. 773 (1975). Specifically, Plaintiff contends that the Magistrate Judge erroneously imposed a probability requirement in the pleading stage of this litigation and failed to consider the Third Circuit's view of Twombly as set forth in Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). Plaintiff also contends that the Magistrate Judge failed to construe the facts alleged in the Complaint in the light most favorable to him, as required under Rule 12(b)(6) and unaltered by either Twombly or Phillips, and imposed a heightened specificity on the notice pleading requirements of

Rule 8 that is unsupported by the case law.  Alternatively, Plaintiff contends that the Magistrate Judge erred in failing to provide Plaintiff with an opportunity to amend the Complaint to state his allegations with more specificity.

With respect to Goldfarb, Plaintiff contends that the Magistrate Judge improperly distinguished Goldfarb from the facts of this case.  According to Plaintiff, Goldfarb clearly "stands for the proposition that the exchange of forward-looking credit (or price) information is presumptively a violation of Section 1 of the Sherman Act."  (D.I. 76 at 9).

In response, Defendants contend that the Magistrate Judge correctly concluded that, in light of Twombly, Plaintiff failed to plead an unlawful agreement or conspiracy among Defendants as required to state a claim for violation of Section 1 of the Sherman Act.  Defendants contend that the allegations of the Complaint do not, in the first instance, suggest parallel conduct by Defendants, but that even if such parallel conduct can be inferred, the allegations still lack the detail and context required under Twombly to give rise to a plausible inference that Defendants were acting pursuant to an unlawful agreement.

Defendants also contend that Plaintiff's claim is not supported by Goldfarb.  Rather, Defendants contend that the Magistrate Judge correctly noted that the Supreme Court has held, for more than seventy-five years, that the sharing of credit data

2

is not illegal.

As for Plaintiff's alternative argument that leave to amend the Complaint should be granted, Defendants contend that Plaintiff never requested leave to amend and that leave to amend would be futile. Defendants further point out that Plaintiff has not alleged what facts he would plead if leave to amend were granted and how those facts would alter the Magistrate Judge's conclusion that dismissal is appropriate.

## II. STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss is a dispositive matter. Id. The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceeding. Id.

## III. DISCUSSION

In its most recent discussion of *Twombly*, the Supreme Court has reiterated that *Twombly* sets forth a two-pronged approach to assess the sufficiency of a complaint. *Ashcroft v. Iqbal*, 2009 WL 1361536 (May 18, 2009). First, a court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at * 13. Second, "[w]hen there are well-pleaded factual

3

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "[W]here the well-pleaded facts <u>do not permit the court to infer more than the mere possibility of misconduct</u>, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief'" as required by Rule 8. Id. (citation omitted) (emphasis added).

Explaining how the Court applied these prongs in <u>Twombly</u> to the antitrust context, the Supreme Court went on to note that "flat" or "bare" pleadings that the defendants entered into a conspiracy were not entitled to a presumption of truth and were insufficient under the pleading requirements of Rule 8. Id. As for the factual allegations of parallel conduct, the Supreme Court "[a]cknowledg[ed] that parallel conduct was consistent with an unlawful agreement, . . . [but] nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior." Id. (citing <u>Twombly</u>, 550 U.S. at 567).

Reviewing the decision of the Magistrate Judge under the <u>de novo</u> standard of review, the Court finds no error in the Magistrate Judge's application of <u>Twombly</u> and fully adopts the reasoning set forth by the Magistrate Judge in his decision. In reaching this conclusion, the Court is not persuaded that the

4

Third Circuit's decision in Phillips undercuts the application of Twombly, particularly in the antitrust context and particularly in light of the Supreme Court's recent reiteration of the Twombly principles in Iqbal.

Plaintiff also contends that the Magistrate Judge imposed a probability requirement on the pleadings by concluding that "at best, Plaintiff has alleged a situation in which it is just as likely that the Defendants were independently responding to the reality of Factory 2-U's deteriorating economic condition as it is that they were acting pursuant to an unlawful agreement." (D.I. 75 at 17). In the Court's view, however, the Magistrate Judge's assessment of the parallel conduct allegations in this case goes no further than the Supreme Court's own language in both Twombly and Iqbal. Iqbal, 2009 WL 1361536 at *13 (explaining that the conduct in Twombly "did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior" and concluding that the allegations of discrimination in Iqbal were not plausible "given more likely explanations") (emphasis added); Twombly, 550 U.S. at 557 ("Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of preceding agreement, not merely parallel conduct that could just as well be independent action.")

5

(emphasis added).

Plaintiff also contends that the Magistrate Judge erred in concluding that the instances of information sharing alleged in the Complaint were not illegal. In particular, Plaintiff takes issue with the manner in which the Magistrate Judge interpreted the Supreme Court's decision in Goldfarb. Independently reviewing the applicable case law, the Court cannot conclude that the type of credit information sharing alleged in the Complaint violates the Sherman Act. The Court also agrees with the Magistrate Judge that the distinction Plaintiff seeks to draw between past and future information is unsupported by the case law.

Having concluded that the Magistrate Judge correctly assessed the sufficiency of the Complaint, the Court must next address Plaintiff's contention that leave to amend should be granted. In the Third Circuit, the Court must allow leave to amend in civil rights cases regardless of whether it is requested before dismissing a case for failure to state a claim, unless leave to amend would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). However, this sua sponte amendment rule is rarely applied outside the civil rights context. Id. at 252. Moreover, the Third Circuit has held that "[i]n non-civil rights cases, the settled rule is that properly requesting leave to amend a

6

complaint requires submitting a draft amended complaint." Id. at 252-253. Indeed, the failure to submit a draft amended complaint is considered "fatal to a request for leave to amend." Id. at 252 (collecting cases).

In this case, Plaintiff failed to request leave to amend before the Magistrate Judge, and instead chose to rely upon the sufficiency of the allegations raised in his Complaint.[1] It was not until Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation that he decided to alternatively seek leave to amend, and at this juncture, Plaintiff has still not provided the Court with a draft Amended Complaint or with specific information concerning what the new averments would show, despite the fact that Plaintiff has acknowledged that this more detailed information is within his knowledge and control. Thus, although Plaintiff is a sophisticated party to an antitrust action, he still has not presented either the Magistrate Judge, or this Court, with a proper request for leave to amend. In these circumstances, the Court declines to grant Plaintiff leave to amend. Id. ("In sum, we hold that in ordinary civil litigation it is hardly error for a district court to enter final

---

[1] Although the Court is not applying the concept of waiver to Plaintiff's request for leave to amend the Complaint at this juncture, the Court notes that issues not raised before the Magistrate Judge are typically considered waived. See, e.g., Buehl v. Beard, 2007 WL 1830616, *2 (W. D. Pa. June 25, 2007) (collecting cases).

7

judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.").

### IV. CONCLUSION

For the reasons discussed, the Court will overrule Plaintiff's Objections To Magistrate Judge's Report And Recommendation and adopt the Report and Recommendation of the Magistrate Judge.

An appropriate Order will be entered.