IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, FACTORY 2-U STORES, INC., et al., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 07-556-JJF-LPS |
| MILBERG FACTORS, INC., CAPITAL FACTORS, INC., THE CIT GROUP/COMMERCIAL SERVICES, INC., GMAC COMMERCIAL FINANCE LLC, HSBC BUSINESS CREDIT (USA), INC., ROSENTHAL AND ROSENTHAL, INC., STERLING FACTORS CORPORATION, WELLS FARGO CENTURY INC., | : : : : : : : : : : | |
| Defendants. | : | |

Joseph D. Mancano, Esquire; Anthony J. Basinski, Esquire; Bryan S. Neft, Esquire, J. Peter Shindel, Jr., Esquire and Divya Wallace, Esquire, J. Peter Shindel, Jr. Esquire and Divya Wallace, Esquire of PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP, Philadelphia, Pennsylvania.
Robert W. Pedigo, Esquire and M. Claire McCudden, Esquire of COOCH & TAYLOR, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Robert A. Atkins, Esquire and Daniel H. Levi, Esquire of PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York.
Michael D. DeBaecke, Esquire and Christine Azar, Esquire of BLANK ROME LLP, Wilmington, Delaware.

Attorneys for Defendant, The CIT Group/Commercial Services, Inc.

Daniel Wallen, Esquire; Bernard Beitel, Esquire and Lloyd M. Green, Esquire of OTTERBOURG, STEINDLER HOUSTON & ROSEN, P.C., New York, New York.
Stuart M. Brown, Esquire and Denise Seastone Kraft, Esquire of EDWARDS ANGELL PALMER & DODGE LLP, Wilmington, Delaware.

Attorneys for Defendants GMAC Commerical Finance LLC, Sterling

Factors Corporation, and Wells Fargo Century, Inc, n/k/a Wells Fargo Trade Capital Services, Inc.

Colin Underwood, Esquire of PROSKAUER ROSE LLP, New York, New York.
Jeffrey R. Waxman, Esquire of MORRIS JAMES LLP, Wilmington, Delaware.

Attorneys for Milberg Factors, Inc.

Gregory A. Inskip, Esquire and David J. Baldwin, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant Capital Factors, Inc.

Celia Goldwag Barenholtz, Esquire and William O'Brien, Esquire of COOLEY GODWARD KRONISH LLP, New York, New York.
Ashley B. Stitzer, Esquire and Stephen B. Brauerman, Esquire of BAYARD, P.A., Wilmington, Delaware.

Attorneys for Defendant HSBC Business Credit (USA) Inc.

C. Barr Flinn, Esquire and Elena C. Norman, Esquire of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP.

Attorneys for Defendant Rosenthal & Rosenthal, Inc.

**MEMORANDUM OPINION**

July 15, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion To Alter Or Amend Judgment And To Amend His Complaint Pursuant To Federal Rules Of Civil Procedure 59(e) And 15(a) (D.I. 87). For the reasons discussed, the Court will deny Plaintiff's Motion.

## I. PARTIES' CONTENTIONS

By his Motion, Plaintiff requests the Court to reopen the Order dismissing this action and allow Plaintiff leave to file an Amended Complaint. Plaintiff contends that his request for leave to amend is governed by Fed. R. Civ. P. 15(a), which provides that leave to amend should be freely granted. Plaintiff contends that his proposed amendments are timely presented, without undue delay, because it was not until the Magistrate Judge analyzed the underlying Complaint in the context of Defendant's Motion To Dismiss, that Plaintiff could determine what defects required remediation. Plaintiff further contends that its proposed amendments are not futile, and Defendants will suffer no undue prejudice if leave to amend is granted.

In response, Defendants contend that Plaintiff's Motion is governed by the more restrictive requirements of Fed. R. Civ. P. 59(e), rather than the liberal standard of Rule 15(a). Defendants further contend that Plaintiff cannot demonstrate the requirements of Rule 59(e), and therefore, his Motion should be denied. Alternatively, Defendants contend that Plaintiff's proposed amendments are futile. In this regard, Defendants

contend that the Amended Complaint still fails to meet the "plausibility test" articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and that the sharing of credit information has been a long protected activity as recognized by the Supreme Court in Cement Protective Assoc. v. United States, 268 U.S. 588 (1925). Defendants also contend that under Rule 15(a), Plaintiff should not be given leave to amend because of certain equitable principles. Specifically, Defendants contend that Plaintiff is a sophisticated party whose failure to seek amendment more timely and to satisfy the procedural requirements of a request for leave to amend should not be excused.

## II. DISCUSSION

As a threshold matter, the Court must determine whether Plaintiff's Motion is governed by Rule 15(a) or Rule 59(e). Conflicting authority exists concerning this issue. Plaintiff points to language in the Third Circuit's decision in Fletcher-Harlee v. Pote Concrete Contractors, Inc., 482 F.3d 247 (3d Cir. 2007) that suggests that Rule 15(a) governs. In Fletcher-Harlee, the Third Circuit stated:

> [A]fter final judgment was entered against Fletcher-Harlee, Rule 59(e) gave it a ten-day window in which to seek to reopen the judgment and amend the complaint. Under our Court's precedent, leave to amend within this window should, as Federal Rule of Civil Procedure 15(a) puts it, "be freely given when justice so requires."

Id. at 253 (citations omitted). In contrast, Defendants point to

2

the Third Circuit's more recent decision in Walsh v. Quinn, 327 Fed. Appx. 353 (3d Cir. 2009), in which the Third Circuit concluded that Rule 59 and/or Rule 60 governs post-judgment requests for leave to amend. Specifically, the Third Circuit stated in Walsh:

> [R]efusals to grant leave to amend are reviewed for abuse of discretion. However, "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered. At that stage, Rules 59 and 60 govern the opening of final judgments," and amendment is not allowed unless the judgment is set aside or vacated under one of those rules.

327 Fed. Appx. at 356 (emphasis added) (citations omitted).

Plaintiff points out that Walsh is an unpublished decision, which is not precedential under Third Circuit L.A.R., App'x 1, Internal Operating Proc. 5.7. However, Walsh also relies on the Third Circuit's decision in Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002), which is precedential, although the portion of Ahmed upon which Walsh relies may be characterized as dicta. In any event, the Court is persuaded by the reasoning in Walsh and Ahmed, that the liberality of Rule 15(a) should not apply until the judgment is set aside or vacated under Rule 59 or Rule 60:

> To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation. Furthermore, the draftsmen of the rules included Rules 59(e) and 60(b) specifically to provide a mechanism for those situations in which relief must

>be obtained after judgment and the broad amendment
>policy of Rule 15(a) should not be construed in a
>manner that would render those provisions meaningless.

Ahmed, 297 F.3d at 208 (quoting 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1489, at 694 (2d ed. 1990) (footnote omitted)). Accordingly, the Court will apply the requirements of Rule 59(e) to determine whether the judgment in this case should be reopened in the first instance.

The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a Rule 59 motion is to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion pursuant to Rule 59(e) may only be granted if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted).

Here, Plaintiff has not demonstrated any of the requirements of Rule 59(e). Plaintiff has alleged no intervening change in the controlling law and no new evidence. To the extent Plaintiff's Motion may be characterized as asserting a need to correct clear error, the Court is not persuaded that its previous decision adopting the Magistrate Judge's Report and

Recommendation and denying Plaintiff leave to amend was erroneous.  Accordingly, the Court will deny Plaintiff's Motion.

**IV.   CONCLUSION**

For the reasons discussed, the Court will deny Plaintiff's Motion To Alter Or Amend Judgment And To Amend His Complaint Pursuant To Federal Rules Of Civil Procedure 59(e) And 15(a) (D.I. 87).

An appropriate Order will be entered.